without warrant one found to be intoxicated in a public place is recognized in this State. See Cook v. State, 155 Tex. Cr.R. 580, 238 S.W.2d 200; Rent v. State, 160 Tex.Cr.R. 326, 268 S.W.2d 674, and King v. State, Tex.Cr.App., 312 S.W.2d 501. Recently in McEathron v. State, 163 Tex.Cr.R. 619, 294 S.W.2d 822, it was held that such right was vested in a private citizen.

Appellant further insists that his arrest was illegal because Officer Fitzgerald had committed an unreasonable trespass upon his property and entrapped appellant to follow him in the street for the purpose of arresting him. In Crowell v. State, 147 Tex.Cr.R. 299, 180 S.W.2d 343, in holding that certain witnesses were not guilty of a criminal trespass merely because they were on the premises of an accused, it was pointed out by this court that there is no statute making it an offense merely to go upon the premises of another. Clearly, the officer was not a trespasser in a criminal sense in going upon appellant's premises to investigate the accident. Meador v. State, 151 Tex.Cr.R. 53, 204 S.W. 2d 628. Appellant's claim of entrapment is not supported by the evidence. Furthermore, the court instructed the jury that if they believed that Officer Fitzgerald lured or invited appellant to go into the street *for the purpose of arresting him,* then such arrest was illegal, and they would not consider any subsequent testimony resulting from such arrest. Such instruction amply protected the appellant.

Under the record, appellant's arrest without a warrant was authorized and the court did not err in admitting the testimony.

Other contentions urged by appellant have been considered and are overruled.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

Ex parte Marguerite PIERCE.

No. 30598.

Court of Criminal Appeals of Texas.

April 29, 1959.

C. C. Divine, Houston, for appellant.

Dan Walton, Dist. Atty., Thomas D. White and Samuel H. Robertson, Jr., Asst. Dist Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

This is an appeal from an order entered in a habeas corpus proceeding denying application for the reduction of bail.

It is made to appear that appellant is no longer confined in jail, having made the required bond and obtained her release.

Our prior opinion is withdrawn and the appeal is dismissed.